Matter of Attorneys in Violation of Judiciary Law § 468-a (Goldberg) (2025 NY Slip Op 02841)

Matter of Attorneys in Violation of Judiciary Law § 468-a (Goldberg)

2025 NY Slip Op 02841

Decided on May 8, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:May 8, 2025

PM-110-25
[*1]In the Matter of Attorneys in Violation of Judiciary Law § 468-a. Committee on Professional Standards, Now Known as Attorney Grievance Committee for the Third Judicial Department, Petitioner; Jonathan Ray Goldberg, Respondent. (Attorney Registration No. 2160323.)

Calendar Date:March 17, 2025 

Before:Garry, P.J., Clark, Lynch, Reynolds Fitzgerald and Ceresia, JJ., concur. 

Monica A. Duffy, Attorney Grievance Committee for the Third Judicial Department, Albany (Alison M. Coan of counsel), for Attorney Grievance Committee for the Third Judicial Department.
Jonathan Ray Goldberg, New York City, respondent pro se.

Motion by respondent for an order reinstating him to the practice of law following his suspension by September 2009 order of this Court (Matter of Attorneys in Violation of Judiciary Law § 468-a, 65 AD3d 1447, 1458 [3d Dept 2009]; see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16; Rules of App Div, 3d Dept [22 NYCRR] § 806.16).
Upon reading respondent's notice of motion and affidavit with exhibits sworn to January 30, 2025, respondent's supplemental affidavit sworn to February 19, 2025, the March 12, 2025 responsive correspondence from the Attorney Grievance Committee for the Third Judicial Department and respondent's reply correspondence dated March 13, 2025, and having determined, by clear and convincing evidence, that (1) respondent has satisfied the requirements of Rules of the Appellate Division, Third Department (22 NYCRR) § 806.16 (c) (5), (2) respondent has complied with the order of suspension and the rules of this Court, (3) respondent has the requisite character and fitness to practice law, and (4) it would be in the public interest to reinstate respondent to the practice of law (see Rules for Atty Disciplinary Matters [22 NYCRR] § 1240.16 [a]), it is
ORDERED that respondent's motion for reinstatement is granted; and it is further
ORDERED that respondent is reinstated as an attorney and counselor-at-law, effective immediately.
Garry, P.J., Clark, Lynch, Reynolds Fitzgerald and Ceresia, JJ., concur.